now, as when each system was administered in a separate court under a separate practice, that evidence which would probably be mischievous with a jury would have no effect upon the trained mind of a judge.

It is true that, in Foote v. Beecher, 78 N. Y. 157, the learned chief judge, in his opinion, says:

"There is no distinction between actions of a legal and those of an equitable nature, in respect to the availability of exceptions taken upon the trial upon the admission of incompetent evidence, and no reason is perceived for such a distinction. Improper evidence may influence a court or referee as well as a jury."

My understanding while at the bar was that this expression was generally deemed not only obiter, but also an inadvertence, in view of the Code provision to the contrary cited above, which seems to have·been overlooked, as well as of the fact that such a distinction had unquestionably existed from the beginning. In support of it, the opinion cites a sentence from the opinion in Williams v. Fitch, 18 N. Y. 551, a case of reversal for the reception of incompetent evidence, viz. that "the defendant was entitled to the referee's judgment upon the testimony which was competent." But that was a common-law action, viz. for money had and received; and it is not questioned that in such an action, whether a jury be waived or not, the equity rule under consideration has no application. In a former equity case (Vermilyea v. Palmer, 52 N. Y. 471), the same learned judge recognized as follows the distinction which he disclaims in Foote v. Beecher, viz.: "It is quite clear that the court by which the trial is had is not bound to recognize exceptions which ought not to affect the merits; and, if so, it is equally clear that this court, reviewing the questions of law upon the trial, must adopt the same rule" (page 477),—and pointed out that that was the rule in chancery. The case of Eckerson v. Archer, 10 App. Div.·344, 41 N. Y. Supp. 802, is also without application, being an action of ejectment, and is, besides, a case which stands on its own peculiarities.

Judgment for defendant.

---

(13 App. Div. 46.)

## COMMERCE INS. CO. v. JANES.

(Supreme Court, Appellate Division, Third Department. January 6, 1897.)

JURY—DEMAND FOR—CITY COURT OF ALBANY.

    Laws 1821, c. 47, § 12, as amended by Laws 1856, c. 184, which provides that a party to a civil action in the justice's court of the city of Albany (now city court of Albany,—Laws 1884, c. 122) may demand a jury trial, either at the time of joining issue "or two days before the trial of such issue," is still in force, as it was preserved by Code Civ. Proc. § 3214, which provided that the Code should not affect any unrepealed statutory provision relating to the proceedings in that court, and has not been affected by later legislation.

Appeal from Albany county court.

Action by the Commerce Insurance Company against Franklin H. Janes. From a judgment of the county court affirming a judgment of the city court of Albany in favor of plaintiff, defendant appeals. Reversed.

The action is to recover rent. It was commenced in the city court of' Albany by the personal service of a summons and complaint on the defendant on the 2d December, 1893. On the return day, December 8, 1893, both parties appeared, and issue was joined by the filing by defendant of a verified answer. The case was then adjourned by consent to December 20, 1893, and then by consent to January 4, 1894. On January 2, 1894, the defendant paid into court $4.10, and demanded a jury trial, and that a venire issue. This was refused, because not demanded on day of joinder of issue, and the tender was refused. On January 4, 1894, the case was adjourned by consent to January 11, 1894, and thereafter several like adjournments to January 31, 1894. On that day the parties appeared, and the defendant objected to proceeding in the matter unless the jury theretofore demanded by him be obtained, and unless the venire demanded by him issue, and he demanded a jury trial in the case. This objection was overruled, and exception taken, and the defendant declined to proceed further in the case. The plaintiff thereupon gave evidence, and the judgment appealed from was taken.

Argued before PARKER, P. J., and HERRICK, PUTNAM, and MERWIN, JJ.

George H. Mallory and John F. Montignani, for appellant.
Pratt & Logan, for respondent.

MERWIN, J. The question in this case is whether the right of the defendant to have a jury trial depends upon the provisions of section 2990, Code Civ. Proc., or on the provisions of chapter 47 of the Laws of 1821 entitled "An act for establishing a justice's court in the city of Albany," as amended by chapter 184 of the Laws of 1856. By the Code, § 2990, the party, if he desires a trial by jury, must demand it at the time when an issue of fact is joined. So that, if that provision applies to this case, as the plaintiff claims that it does, no error was committed in refusing the demand of the defendant, and the affirmance of the judgment was correct.

Section 12 of the act of 1821, as amended by chapter 184 of 1856, ·
is as follows:

"To entitle a party to have any cause in a civil action in this court tried by a jury, the party desiring such jury trial shall, either at the time of joining issue in said cause, or two days before the trial of such issue, demand of said court or the clerk thereof, a venire, and pay to said clerk, or one of said justices, the fee allowed by law for the issuing and service of said venire. Every person qualified to serve as a juror upon trials had in the mayor's court of the said city of Albany, shall be duly qualified to serve as a juror upon trials in the said court, to be holden before the said justices."

If this section is in force, and applicable here, then the right of the defendant has been infringed upon, and a reversal must follow. The claim of the plaintiff is that the provision in section 12, above quoted, as to calling a jury, has been by necessary implication repealed by the provisions of the Code of Civil Procedure and section 6 of chapter 438 of the Laws of 1881. It is not claimed that there has been any direct repeal. Section 3214 of the Code, which took effect September 1, 1880, and related, among others, to the justices' court of the city of Albany (now city court of Albany,—chapter 122, Laws 1884), is as follows:

"Sec. 3214. Except as otherwise specially prescribed in this title, this act does not affect any statutory provision remaining unrepealed after this chapter takes effect, relating to the jurisdiction and powers of either of those courts; the appointment, qualification, tenure of office, powers, or duties of the justices, or

of the clerk, or any other officer thereof; or the proceedings therein; except that a provision of this or any other statute, whereby a proceeding in an action, brought in either of those courts, or a special proceeding, brought therein, or before a justice thereof, is assimilated, either expressly, or by reference to another provision of law, to a proceeding, in an action or a special proceeding before a justice of the peace, is deemed to refer to the corresponding proceeding in chapter nineteenth of this act."

By section 3 of the act of 1821 it was provided that the court in that act constituted "shall have exclusive jurisdiction in the said city, to hear, try and determine, all actions which are now cognizable before a single justice of the peace in said city, and shall, in all respects, proceed in like manner, except as is otherwise provided by this act." By the Revised Statutes (2 Rev. St. [1st Ed.] p. 224, pt. 3, c. 2, tit. 3, § 5) it was provided that the court in question, with several others, "shall respectively possess the jurisdiction and powers, be held at the times and places and proceed in the manner, specially provided by law." Title 4 of the same chapter was a revision of the law relating to courts held by justices of the peace, and by section 231 of that title it was provided that the several provisions of the title, so far as the same may be applicable, should apply, among others, to the justice courts in the city of Albany, "except in those cases where repugnant provisions exist in the acts organizing those courts, or relating thereto." Then came the act of 1856, amending, as above quoted, section 12 of 1821. This remained in that form down to the time of the passage of the Code. Clearly, it related to the proceedings in that court, and, if so, its vitality was preserved and continued by that provision of section 3214 which provided that the Code should not affect any statutory provision then remaining unrepealed relating to "the proceedings" in that court. It is not suggested that there was any other provision of the title of which section 3214 was a part that affects the present question.

Chapter 438 of the Laws of 1881 is entitled "An act in relation to the justices' court in the city of Albany, abolishing the fees thereof, establishing the fees of attorneys therein, increasing the jurisdiction thereof, and having reference to the manner of procedure therein." Section 6 of that act is as follows:

"Sec. 6. The provisions of the Code of Civil Procedure relating to practice in courts of justices of the peace shall govern the practice and proceedings in the said court, except as such provisions may be hereby, or may have been heretofore modified by previous acts in relation to the justices' court of the city of Albany; and the fees of jurors, constables and witnesses in all actions and proceedings in said court shall be the same as provided by the said Code of Civil Procedure for courts of justices of the peace."

The exception in this section preserved the modification in effect produced by section 3214 of the Code, so far as there was any unrepealed statutory provision relating to the proceedings in the justices' court of the city of Albany. The evident design of this statute was to provide that, when there were no special provisions on the subject, the Code should govern. If there were special provisions, they were paramount. The act of 1881 did not specifically modify any section of the Code. In effect it modified a good many

sections, so far as the Albany court was concerned. So did the act of 1856, so far as it was kept in life by section 3214 of the Code. There seems to have been no act in relation to that court from the act of 1856 to the passage of that part of the Code taking effect in 1880. I fail to see how there has been any repeal by implication of the act in question. On the contrary, the intent is. plain that a repeal should not be accomplished. It follows that the judgment appealed from should be reversed.

Judgments of the county court and of the city court of Albany reversed, with costs in all the courts. All concur. ·